UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| ALIAKSANDR KAPTYUG, | ) | CASE NO. C09-1855-JLR-MAT |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| A. NEIL CLARK, Field Office Director, U.S. Immigration and Customs Enforcement, | ) ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

## I. INTRODUCTION AND SUMMARY CONCLUSION

Petitioner Aliaksandr Kaptyug, proceeding pro se, has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, which challenges his detention by the U.S. Immigration and Customs Enforcement ("ICE") at the Northwest Detention Center in Tacoma, Washington. (Dkt. No. 6.) He requests that this Court order his release from custody on conditions or reasonable bond, arguing that "such custody violates the due process rights of the Petitioner." *Id*. at 1. Respondent has filed a motion to dismiss, arguing that petitioner is not entitled to a bond hearing or to release because he is subject to mandatory detention under Section 236(c) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1226(c), pending

REPORT AND RECOMMENDATION
PAGE -1

the completion of his removal proceedings.  (Dkt. No. 10.)

Having carefully reviewed the entire record, I recommend that respondent's motion to dismiss (Dkt. 10) be GRANTED, and that this matter be DISMISSED with prejudice.

## II.   BACKGROUND AND PROCEDURAL HISTORY

Petitioner is a native and citizen of Belarus, who was admitted to the United States on June 23, 2000, as a refugee.  (Administrative Record ("AR") L8-9.)  He subsequently adjusted his status to lawful permanent resident.  (AR L11-19.)

On January 24, 2006, petitioner was convicted in King County Superior Court of a Violation of the Uniform Controlled Substances Act ("VUSCA"), and was sentenced to ten days imprisonment and twelve months probation.  (AR R201.)  On July 16, 2006, petitioner was convicted in King County Superior Court of possession of stolen property, and was sentenced to 365 days imprisonment.  (AR R165.)  On May 6, 2009, petitioner was convicted in Edmonds Municipal Court of theft in the third degree, and was sentenced to 365 days imprisonment.  (AR R144.)

On November 2, 2009, petitioner was transferred from the Renton City Jail directly into ICE custody.  (AR R172, R176).  ICE served him with a Notice to Appear, placing him in removal proceedings and charging him as subject to removal from the United States pursuant to INA § 237(a)(2)(B)(i), for having been convicted of a violation relating to a controlled substance; INA § 237(a)(2)(A)(ii), for having been convicted of two crimes involving moral turpitude; and INA § 237(a)(2)(A)(iii), for having been convicted of an aggravated felony as defined in INA § 101(a)(43)(F).  (AR L33-35.)  ICE made an initial custody determination to mandatorily detain petitioner under INA § 236(c) because he had been convicted of an

aggravated felony and was ineligible for release from custody pending completion of his removal proceedings.  (AR L23.)  Petitioner's removal proceedings remain pending before the Immigration Judge ("IJ").

On December 30, 2009, petitioner filed the instant habeas petition challenging his continued detention.  (Dkt. No. 6.)  On February 22, 2010, respondent filed a return and motion to dismiss.  (Dkt. No. 10.)  On February 23, 2010, petitioner filed an amended habeas petition which appears identical to his first habeas petition.  (Dkt. No. 13.)  Petitioner did not file a response to respondent's motion to dismiss.

### III.   DISCUSSION

Section 236(c) of the INA states that "[t]he Attorney General *shall* take into custody any alien who" is deportable from the United States because he has been convicted of certain crimes specified in the provision.  INA § 236(c)(1)(B), 8 U.S.C. § 1226(c)(1)(B)(emphasis added).  Unlike non-criminal aliens who are detained under INA § 236(a), criminal aliens detained under INA § 236(c) are not entitled to a bond hearing and are not provided the opportunity to show that their detention is unnecessary because they are not a danger to the community or a flight risk.  *See Casas-Castrillon v. DHS*, 535 F.3d 942, 946 (9th Cir. 2008).

In *Demore v. Kim*, 538 U.S. 510, 531, 123 S. Ct. 1708, 155 L. Ed. 2d 724 (2003), the Supreme Court held that "Congress justifiably concerned that deportable criminal aliens who are not detained continue to engage in crime and fail to appear for their removal hearings in large numbers, may require that persons such as respondent be detained for the brief period necessary for their removal proceedings."  *Demore*, 538 U.S. at 513.  The Court further held that "[d]etention during removal proceedings is a constitutionally permissible part of that

process." *Id*. at 531.

In the present case, ICE charged petitioner with being removable from the United States for having been convicted of an aggravated felony, which is defined to include a conviction for "a theft offense . . . for which the term of imprisonment [is] at least one year." INA § 101(a)(43)(G), 8 U.S.C. § 1101(a)(43)(G); INA § 237(a)(2)(A)(iii), 8 U.S.C. § 1227(a)(2)(A)(iii). Petitioner was convicted of possession of stolen property and theft in the third degree under Washington law, and was sentenced to 365 days incarceration. Thus, petitioner falls squarely within the group of criminal aliens described in INA § 236(c)(1)(B) for whom detention is mandatory during removal proceedings.

Petitioner argues that he is entitled to release on bond under the Ninth Circuit's decisions in *Casas-Castrillon*, 535 F.3d at 942; *Prieto-Romero v. Clark*, 534 F.3d 1053 (9th Cir. 2008). However, as respondents argue, the authorities cited by petitioner do not apply to the facts of his case.

Section 236 governs the arrest, detention, and release of aliens "pending a decision on whether the alien is to be removed from the United States." INA § 236(a), 8 U.S.C. § 1226(a). Once removal proceedings have been completed, the detention and release of aliens shifts to Section 241. The determination of when an alien becomes subject to detention under Section 241 rather than Section 236 is governed by Section 241(a)(1), which provides:

The removal period begins on the latest of the following:

(i) The date the order of removal becomes administratively final.

(ii) If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order.

REPORT AND RECOMMENDATION
PAGE -4

   (iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

8 U.S.C. § 1231(a)(1)(B).

In *Prieto-Romero*, the alien had filed a Petition for Review of the BIA's order affirming the removal order against him and the Ninth Circuit had ordered a stay of removal pending judicial review. *Prieto-Romero*, 534 F.3d at 1053. The Ninth Circuit held that while Prieto-Romero's appeal was pending, the statutory authority to detain him fell under INA § 236(a). *Prieto-Romero*, 534 F.3d at 1059. The Court concluded that Prieto-Romero was not entitled to a bond hearing, however, because he had already received three bond hearings and had been granted release on bond. *Id*. at 1066.

Similarly, in *Casas-Castrillon*, the Ninth Circuit considered whether the government may detain an alien under INA § 236(c) pending judicial review of a final order of removal without providing him with an opportunity to challenge his detention before an Immigration Judge. *Casas-Castrillon*, 535 F.3d at 942. The Ninth Circuit found that once proceedings before the BIA are completed, the authority to detain criminal aliens shifts from INA § 236(c) to INA § 236(a). *See Casas-Castrillon*, 535 F.3d at 947-48. The Court concluded that he was entitled to a bond hearing before an Immigration Judge. *Casas-Castrillon*, 535 F.3d at 951-52.

Here, petitioner's order of removal is not yet administratively final because it remains pending before the IJ. *See* INA § 241(a)(1)(B)(i), 8 U.S.C. § 1231(a)(1)(B)(i). Thus, unlike the aliens in *Casas-Castrillon* and *Prieto-Romero* who were detained pending Ninth Circuit review, petitioner continues to be detained under INA § 236(c) until his immigration proceedings have been completed. *See* INA § 241(a)(1)(B)(i); *see also* INA § 101(47)(B).

Accordingly, petitioner is not entitled to a bond hearing or release from mandatory detention.

## IV. CONCLUSION

For the foregoing reasons, I recommend that respondent's motion to dismiss be GRANTED, and that this matter be DISMISSED with prejudice. A proposed Order accompanies this Report and Recommendation.

DATED this 26th day of April, 2010.

Mary Alice Theiler
United States Magistrate Judge

REPORT AND RECOMMENDATION
PAGE -6